36 F.3d 127
 308 U.S.App.D.C. 313
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, Appellant,
v.
The RIGGS NATIONAL BANK OF WASHINGTON, D.C.
 No. 92-7041.
 United States Court of Appeals, District of Columbia Circuit.
 Sept. 26, 1994.
 
 Before: MIKVA,* WALD, and SILBERMAN, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 In the fall of 1993, we heard oral argument in National Union Fire Ins. Co. of Pittsburgh, Pa. v. The Riggs Nat'l Bank of Washington, No. 92-7041. This case involved a suit by appellant National Union Fire Insurance against appellee Riggs National Bank, specifically appellant insurance company's claim as an assignee and conventional subrogee of the insured depositor against appellee bank. The insured depositor, NHP, lost $640,712.38 on fraudulent checks drawn from its account, received compensation for the loss from National Union, and assigned National Union all its rights against Riggs. The case was brought in federal court because of the parties' diversity of citizenship.
 
 
 2
 Questions of District of Columbia law regarding the Superior Equities Doctrine proved to be dispositive of the pending appeal, questions as to which there were no controlling precedent in the decisions of the District of Columbia Court of Appeals. The Superior Equities Doctrine provides generally that as between two "innocent" parties, here ostensibly the bank and the assignee of the depositor, courts shall balance the equities to determine which party should bear the loss. We were unable to determine confidently the District of Columbia law governing application of the Superior Equities Doctrine to conventional subrogees or assignees (as opposed to an equitable subrogee). On October 5, 1993, we certified the following questions of District of Columbia law to the District of Columbia Court of Appeals:
 
 
 3
 1. Under District of Columbia law, and given the facts described below, does the "Superior Equities Doctrine" apply to an action by an insurer as an assignee and conventional subrogee of its insured?
 
 
 4
 2. Under District of Columbia law, and given the facts described below, does the adoption of the Uniform Commercial Code, D.C.Code Section 28:1-101 et seq., abrogate or modify the Superior Equities Doctrine?
 
 
 5
 See National Union Fire Ins. Co. of Pittsburgh, Pa. v. The Riggs Nat'l Bank of Washington, 5 F.3d 554 (D.C.Cir.1993). The District of Columbia Court of Appeals has now answered our first inquiry, obviating the need for an answer to the second certified question. See National Union Fire Ins. Co. of Pittsburgh, Pa. v. The Riggs Nat'l Bank of Washington, No. 93-SP-1278 (D.C.C.A. Aug. 18, 1994). The Court of Appeals has told us that the Superior Equities Doctrine is not applicable to cases of conventional subrogation, leaving aside the issue of the interaction of the UCC and preexisting doctrines of liability. Id.
 
 
 6
 We conclude, in light of our previous opinion and certification, and the District of Columbia Court of Appeals' opinion, that there is no need for a further opinion at this stage of the case. See D.C.Cir.R. 36(b). Given the inapplicability of the Superior Equities Doctrine to appellant's claim against appellee bank, the clear presumption in the Uniform Commercial Code favoring a depositor against the bank is applicable, as appellant conventional subrogee National Union stepped squarely into the shoes of the depositor NHP. Appellee Riggs National Bank of Washington has, however, urged remand to the district court for a ruling on Riggs' alternative defense under D.C.Code Sections 28:1-201, 28:1-205, 28:3-404, 28:4-103, which has not been ruled on by the trial court. It is therefore
 
 
 7
 ORDERED and ADJUDGED that this case be remanded to the district court from which this appeal has been taken. On remand, the district court shall rule in accordance with the opinion of the District of Columbia Court of Appeals, and address appellee's additional arguments if warranted. It is
 
 
 8
 FURTHER ORDERED, by this court, on its own motion, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 41(a)(2). This instruction to the clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.
 
 
 
 *
 Circuit Judge Mikva was a member of the panel when the case was argued and when our October 5, 1993 opinion was issued, but did not participate in this judgment